NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, USA on behalf of RURAL UTILITIES SERVICE ("RUS"), an agency of the Department of Agriculture,<br><br>          Plaintiff-Appellee,<br><br>   v.<br><br>SANDWICH ISLES COMMUNICATIONS, INC.,<br><br>          Defendant-Appellant,<br><br> and<br><br>ALBERT S.N. HEE; et al.,<br><br>          Defendants. | No.    20-15383<br><br>D.C. No.<br>1:18-cv-00145-JMS-RT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted January 15, 2021**
San Francisco, California

_____

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE and M. SMITH, Circuit Judges, and LASNIK,*** District Judge.

Sandwich Isles Communications, Inc. (SIC) appeals from the district court's grant of summary judgment in the United States' favor and of the United States' motion to dismiss SIC's counterclaims. The district court entered final judgment, pursuant to Federal Rule of Civil Procedure 54(b), on its order granting summary judgment. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291 to review the order granting summary judgment, and we affirm. We lack jurisdiction to review SIC's counterclaims.

1. Federal contract law controls the interpretation of the parties' contract. *See United States v. Seckinger*, 397 U.S. 203, 209 (1970); *see also Kennewick Irrigation Dist. v. United States*, 880 F.2d 1018, 1032 (9th Cir. 1989). An "ordinary contract principle . . . is that when a contract is ambiguous, courts can consult extrinsic evidence to determine the parties' intentions." *CNH Indus. N.V. v. Reese*, 138 S. Ct. 761, 765 (2018) (citing *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 443 (2015) (Ginsburg, J., concurring)). "[A] contract is not ambiguous unless, after applying established rules of interpretation, it remains reasonably susceptible to at

***    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

2

least two reasonable but conflicting meanings." *Id.* (internal quotations and alterations omitted).

SIC does not argue the contract is ambiguous. Instead, SIC argues that "governing law" requires the court to consider "evidence outside of the writing . . . to determine the true intent of the parties." This, however, is an incorrect characterization of the law. Before considering extrinsic evidence, we must conclude that the contractual language is ambiguous. *See CNH Indust.*, 138 S. Ct. at 765.

The contractual language is unambiguous—SIC's loan payments are not conditioned on SIC receiving payments of $14,000 per line from the Universal Service Fund. The contractual language that SIC quotes to argue otherwise does not concern conditions to SIC's repayment—it establishes conditions precedent to the disbursement of the loan.

Furthermore, the continuation of the Universal Service Fund's payments (at the same amount per-line) was not a basic assumption of the parties' contract. Under § 261 of the Second Restatement of Contracts, "[t]he continuation of existing market conditions and of the financial situation of the parties are ordinarily not [basic] assumptions" of contracts, unlike the continued existence "of a person or . . . a specific thing necessary for performance." Relying on § 231, the Supreme Court in *United States v. Winstar Corp.* explained that, given the "fluctuations" of rules in

3

"highly regulated industry[ies]," "it would be absurd to say that the nonoccurrence of a change in the regulatory . . . rules [is] a basic assumption" upon which contracts are made. 518 U.S. 839, 891, 907 (1996) (citations omitted). SIC, however, is requesting us to hold the contrary.

The absence of language in the contract concerning the contractual effect of University Service Fund decreasing its payments "gives rise to the inference that the risk was assumed" by SIC. *Id.* at 905. Accordingly, the district court properly granted summary judgment in favor of the United States as to its breach of contract claim.

2. We lack jurisdiction to review SIC's counterclaims. Pursuant to Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any to the claims or parties," unless "the court expressly determines" otherwise. Here, the United States has many other claims pending in the district court, and the district court expressly determined that only its order on the United States' breach of contract claim was a final judgment within the meaning of 28 U.S.C. § 1291.

**AFFIRMED**.

4